HAMMETT v. BROWN.

SAME v. CHAFFIN.

1. RECEIPT—NOTE—CASE CRITICISED.—Where a child signs a written ac-
knowledgment of an advance to her by her father of a certain sum of
money, for which she is to pay interest annually during her father's life-
time, the trial judge did not err in ruling that the paper was a note, and
that it matured at the date of the father's death, was payable to his estate,
and that the amount due thereon was the sum advanced with interest from
the father's death.    Hammett *v.* Hammett, 38 S. C., 50.

2. CHARGING JURIES—APPEAL RECORD.—Error cannot be declared in the failure to charge what is not shown to have been requested.

Before FRASER, J., Spartanburg, October, 1894.

In these cases, Mr. Justice Pope did not sit on account of sickness on the day of the hearing. They were two cases— Elizabeth Hammett and others, as executors of C. B. Hammett, deceased, against Agnes Brown, and the same plaintiffs against Sarah A. Chaffin—the two being on substantially identical instruments of writing. The complaint in the Brown case was as follows:

I. For the first cause of action: 1. That on May 28th, 1885, defendant executed the following obligation: "$3,530. This is to show that I have received from my father, as so much interest in his estate, a tract of land containing 353 acres, known as the Gore's Meeting House tract, for which I account to the estate for $3,530, for which I promise to pay C. B. Hammett, during his lifetime, seven per cent. per annum interest, to begin the 1st day of next December, then the interest to be paid the 1st day of each December thereafter, which is value received, this May 28th, 1885. (Signed) Agnes Brown. Test., J. F. Sloan." 2. That the said C. B. Hammett, father of defendant, died in said county and State, on October 20th, 1887, leaving of force his will, whereof he appointed the plaintiffs executrix and executor, respectively; that they thereafter duly qualified as such executors in the office of the probate court in said county, and entered upon the discharge of the duties of the office. 3. That the said will of C. B. Hammett directed the executors to collect the aforesaid obligation, should it be necessary to do so in order to pay the debts of the estate, and that such necessity exists. 4. That no part of said obligation has been paid, and that there is now due thereon the said sum of $3,530, with interest from December 1st, 1885.

II. For a second cause of action: 1. That on May 28th, 1885, defendant executed the following obligation: "This is to show that my father has advanced me $500 in cash as so much advanced on his estate, for which I have to pay interest annually from the 3d day of May, 1884, it being for cash, which is value

received this 28th day of May, 1885. (Signed) Agnes Brown. Test., J. F. Sloan." That her father was C. B. Hammett. 2. That the said C. B. Hammett, the father of defendant, died in said county and State on October 20th, 1887, leaving of force his will, whereof he appointed the plaintiffs executrix and executor, respectively; that they thereafter duly qualified as such executors in the office of the probate court in said county, and entered upon the discharge of the duties of the office. 3. That the said will of C. B. Hammett directs the executors to collect the aforesaid obligation, should it be necessary to do so in order to pay the debts of the estate; and that such necessity exists. 4. That no part of said obligation has been paid, and that there is now due thereon the sum of $500, with interest from the 3d day of May, 1884.

Wherefore, plaintiffs demand judgment for the amounts alleged above to be due on said causes, and for costs.

The answer was as follows:

The defendant, by this her amended answer, answering the complaint herein: I. Admits all the allegations of the complaint, except so much of the allegation contained in the paragraph numbered 4 of the first cause of action as alleges that the sum of $3,530, with interest from December 1st, 1885, is now due upon said cause of action; and so much of the allegation contained in the paragraph numbered 4 of the second cause of action as alleges that the sum of $500, with interest from May 3d, 1884, is now due upon said cause of action; and also so much of the allegation contained in the paragragh numbered 3 of the second cause of action as alleges that said will directs the executors to collect said obligation, if necessary to do so to pay debts of the estate, which allegation she denies. II. For a second defence to the first cause of action, the defendant alleges that the cause of action stated in the complaint did not accrue within six years before the commencement of this action. III. For a third defence to the first cause of action, the defendant alleges that at the date of the same she was a married woman, having a separate property, the same consisting of a parcel of land containing 353 acres, in Spartanburg County,

which said lands said C. B. Hammett in his lifetime conveyed to her by deed, with full covenants of warranty; that the said cause of action or agreement was not made as to her separate property, and the defendant received and took no property under said will of C. B. Hammett. IV. For a second defence to the second alleged cause of action, the defendant alleges that the cause of action stated in the complaint did not accrue within six years before the commencement of this action. V. For a third defence to the second alleged cause of action, the defendant alleges that at the date of same she was a married woman, having a separate property consisting of a parcel of land on Pacolet River, in Spartanburg County, which said land said C. B. Hammett in his lifetime conveyed to her by his deed, with full covenants of warranty; that said agreement or cause of action was not made as to her separate property, and the defendant took and received no property under said will of C. B. Hammett. Wherefore the defendant prays judgment against the plaintiffs that the complaint be dismissed, and for costs.

The judge charged the jury as follows:

This is a case very similar to the one on the other side of the court. It is an action upon certain papers given this gentleman, who is now dead, in his lifetime. The Supreme Court say it is a note. The inclination in my mind was that it was a matter to be settled elsewhere, but the decision of the Supreme Court settles the case for me and you. That promised to pay so much. That promise to pay matured when he died, and is payable to his estate; so she is due to the estate that amount of money, with interest from his death at seven per cent. until now. As to being a married woman; while a married woman can make contracts as to her separate estate, if she borrowed money or bought property, that was her separate act; it was as to her separate estate that the note was given.

Defendant appealed on the following exceptions, alleging error: 1. In holding and charging that the causes of action sued on were notes. 2. In holding and charging that the causes of action matured at the death of testator. 3. In holding and charging that the causes of action were payable to the estate of

the testator. 4. In holding and charging that the defendant was due the estate the principal amount sued for, with interest from the death of the testator. 5–12. In not charging, &c.

Mr. S. T. McCravy, for appellant.

Mr. Stanyarne Wilson, contra.

July 12, 1895. The opinion of the court was delivered by

MR. JUSTICE GARY. This action came on for trial before his honor, T. B. Fraser, presiding judge, and a jury at the October, 1894, term of the Court of Common Pleas for Spartanburg County. The complaint, answer, charge to the jury, and exceptions will be incorporated in the report of the case. Plaintiffs offered no testimony and closed, and the defendant did likewise. The jury rendered a verdict for the amount of the notes, with interest from the 20th of October, 1887, the date of the death of the testator, and judgment was entered thereon.

Before proceeding to consider the exceptions, we desire to state that the arguments of counsel in this case are very meagre, and not a single authority is cited except the case of Hammett v. Hammett, 38 S. C., 50. Appellant's first exception complains of error on the part of the presiding judge in holding and charging that the causes of action sued on were notes. This was substantially the decision rendered by this court in the case of Hammett v. Hammett, supra. This exception is, therefore, overruled. The second exception complains of error on the part of the presiding judge in holding and charging that the causes of action matured at the death of testator. The instruments of writing show that the presiding judge was correct in so charging, and this exception is also overruled. The third exception complains of error on the part of the presiding judge in holding and charging that the causes of action were payable to the estate of the testator. We do not see how it can even admit of question that the money was due to the estate of the testator in the absence of a contrary showing. This exception is also overruled. The fourth exception complains of error on the part of the presiding judge in holding and charging that the defendant was due the estate the princi-

pal amount sued for, with interest from the death of the testator. We agree with the Circuit Judge in his construction of the instruments of writing. This exception is also overruled.

The other exceptions all complain of error on the part of the presiding judge in failing to charge the jury as therein set forth, although there were no requests to charge. It has been so often decided by this court that this is not reversible error, that we do not deem it necessary to cite authority on this point.

It is the judgment of this court, that the judgment of the Circuit Court be affirmed. The case of Elizabeth Hammett *et al.*, plaintiffs, respondents, *v.* Sarah A. Chaffin, defendant, appellant, was heard with the foregoing case, and as they both turn upon the same question, the same judgment is rendered.